

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXX~~PIPERED
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2122
Re: Confidential nature of
records contemplated by
Section 31, Senate Bill 36,
46th Legislature, Regular
Session.

We are pleased to reply to your letter of March 22, 1940. In this letter it is shown that there is filed with the Comptroller's Department, by the State Department of Public Welfare, an Old Age Assistance warrant register and a list of claims; however, in talking with your department, it is revealed that this warrant register constitutes and is the list of claims which is filed in your office. This register is filed with the Comptroller for his use when issuing Old Age Assistance Warrants and is kept in the Department as a permanent record.

With these facts in mind, after directing our attention to Section 31, Senate Bill No. 36, Acts 46th Legislature, 1939, Regular Session, and to Article 3722, Vernon's Revised Civil Statutes, 1925, you present several questions for our consideration. These questions These questions are submitted in paragraph form but, for convenience, we will list them as follows:

1. Does Section 31, Senate Bill 36, 46th Legislature, Regular Session, apply to the records kept by the (a) Department of Public Welfare, (b) Comptroller's Department, (c) State Treasurer?

2. Is the Comptroller's Department authorized to allow the general public to examine this register?

3. Is the Comptroller authorized, upon application of an individual, to make certified copies of the Old Age Assistance Warrant Register and list of claims?

Senate Bill No. 36, supra, among other things, creates the State Department of Public Welfare, describes its rights, powers, functions and duties and sets up the "machinery" essential for carrying the Act into effect. The bill further provides for the payment of Old Age Assistance, abolishes the Texas Old Age Assistance Commission and transfers all the rights, powers, and duties previously conferred on said Commission to the State Department of Public Welfare. Section 31 of this bill provides:

> "All records concerning any applicant or recipient contemplated in this Act shall be confidential, and shall be open to inspection only to persons duly authorized by the State, or the United States, to make such inspection in connection with their official duties; provided, however, that factual information in such records shall be available to applicants and recipients or their duly authorized agents; provided, further that no list of names of recipients shall be published or distributed for purposes of being made parts of any state, county or city records, or for any other purposes."

DOES SECTION 31, SENATE BILL NO. 36, 46th LEGISLATURE, REGULR SESSION APPLY TO RECORDS KEPT BY THE (a) DEPARTMENT OF PUBLIC WELFARE, (b) COMPTROLLER'S DEPARTMENT, (c) STATE TREASURER?

The Legislative intent or the public policy manifest by Section 31, supra, with which we are in accord, is well expressed in the case of Coopersberg vs. Taylor (Sup. Ct. of N. Y., 1933) 266 N. Y. Sup. 359, wherein the court, in construing a similar provision of the Public Welfare Law of New York, said:

> ". . . The public policy expressed in this statute is founded upon the desirability that the identity of those accepting public relief should not be disclosed lest worthy recipients be discouraged from applying for relief by reason of the publicity to which they might be subjected. . . ."

Having ascertained this to have been the purpose of the Legislature in enacting Section 31, Senate Bill 36, supra, it is our duty to give effect to this intent and not to defeat or thwart it. Eppstein vs. State (Sup. Ct. of Tex. 1912) 105, Tex. 35, 143 S.W. 144; Dolan vs. Walker (Sup. Ct. of Texas, 1932) 121 Tex. 361, 49 S.W. (2d) 695. To say that the provisions of Senate Bill No. 36, here in question, are only applicable to the Department of Public Welfare and that records contemplated by the Act but which are filed with the Comptroller are not confidential, on its face, would be to defeat the purpose of the Legislature. Therefore, in answer to your first question, herein set out, it is the opinion of this Department that Section 31, Senate Bill No. 36, supra, is applicable to

records kept by the Department of Public Safety, Comptroller of Public Accounts, and the Treasurer. It is to be understood, of course, that this refers only to "records concerning any applicant or recipient contemplated in this Act," as is provided in Section 31.

IS THE COMPTROLLER'S DEPARTMENT AUTHORIZED TO ALLOW THE GENERAL PUBLIC TO EXAMINE THIS REGISTER?

Having determined that Section 31, Senate Bill No. 36, in the proper case, is applicable to records in the Comptroller's Department, in answering this second question, it is only necessary that we determine whether or not the Warrant Register is a record contemplated by the Public Welfare Act of 1939, Senate Bill No. 36.

Subsection b, Section 37, Senate Bill No. 36, provides:

"b. All assistance benefits provided for under the terms of this Act shall be paid by vouchers or warrants drawn by the State Comptroller on the 'State Department of Public Welfare Fund'; for the purpose of permitting the State Comptroller to properly draw and issue such vouchers or warrants, the State Department of Public Welfare shall furnish the Comptroller with a list or roll of those entitled to assistance from time to time, together with the amount to which each recipient is entitled. When such vouchers or warrants have been drawn they shall be delivered to the Executive Director of the State Department of Public Welfare, who in turn shall supervise the delivery of same to the persons entitled thereto."

In conversation with your Department, we are informed that the register in question is, itself, the list of claims which is filed by the Department of Public Welfare with the Comptroller's Department and is used by you in issuing warrants to those entitled to assistance. Clearly, then, this register is a record contemplated by the Public Welfare Act, because it is the list of claims which is specifically provided for in subsection b, Section 37, Senate Bill No. 36, supra.

Since we have concluded that this warrant register is a record contemplated by the Public Welfare Act, it is confidential, and by the express terms of the statutes, "shall be open to inspection only to persons authorized by the State, or the United States, to make such inspection in connection with their duties." This necessarily excludes the general public; and in our opinion your Department is not authorized to allow the general public to examine this register.

IS THE COMPTROLLER AUTHORIZED, UPON THE APPLICATION OF AN INDIVIDUAL, TO MAKE CERTIFIED COPIES OF THE OLD AGE ASSISTANCE WARRANT REGISTER AND LIST OF CLAIMS?

In the case of Coopersberg vs. Taylor, supra, Coopersberg instituted proceedings for an order of mandamus directing the Commissioner of Public Welfare to allow him to examine the records of the Commissioner of Public Welfare. This right of inspection was claimed under Section 51 of the General Municipal Law, and Section 1545 of the Greater New York Charter which permited any taxpayer to inspect public records. The Court denied the writ saying that the above mentioned laws must be read in connection with the Public Welfare Law which provided that information respecting the receipt of public relief shall be considered confidential.

Article 3722, Vernon's Revised Civil Statutes, 1925, provides in part:

"The Secretary of State, Attorney General, Land Commismissioner, Comptroller, Treasurer, Adjutant General, Commissioner of Agriculture, Commissioner of Insurance, Banking Commissioner, and State Librarian shall furnish any person applying for/same with a copy of any paper, document, or record in their offices, and with certificates under seal certifying to any fact contained in the papers, documents or records of their offices; . . . (Acts March 20, 1848; P. D. 3806; G. L. Vol. 3, p. 184)"

We have before us a situation analagous to that in the case of Coopersberg vs. Taylor, supra, and as in that case, the general statute here, in regard to the issuance of certified copies of records in the Comptroller's Department must be read in conjunction with the specific provisions in Section 31, Senate Bill No. 36.

The Public Welfare Bill of 1939 was enacted subsequent to Article 3722 and by the expresslanguage of the bill it is provided that "all records concerning any applicant or recipient contemplated by this Act shall be confidential." In the opinion of this Department, this latter enactment excepts and excludes the particular records mentioned therein from the operation of Article 3722. Having determined that the Warrant Register filed in your office is confidential and not open to inspection by the general public, and since it is a record contemplated by the Public Welfare Act of 1939, it is the opinion of this Department that you would not be authorized upon application of an individual to make certified copies of this Warrant Register. In answering this last question, we have assumed that the term "individual" in this question refers to the general public, and our answer is based upon this assumption.

Trusting that this satisfactorily answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
   s/ Walter R. Koch

    Walter R. Koch
       Assistant

By
   s/ Harry A. Shuford

    Harry A. Shuford

APPROVED APR 20, 1940

s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

HAS:ew:egw